## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF LOUISIANA
## LAFAYETTE DIVISION

| | |
|---|---|
| **KAYLER R. HANCOCK,** **INDIVIDUALLY AND ON BEHALF** **OF HER MINOR CHILDREN, L.R.H.** **AND L.L.H.** | **CIVIL ACTION NO: 6:14-CV-3424** |
| | **JUDGE:** |
| **VERSUS** | |
| **FIELDWOOD ENERGY, LLC,** **FIELDWOOD ENERGY OFFSHORE,** **LLC AND ISLAND OPERATING** **COMPANY, INC.** | **MAG. JUDGE:** |

**********************************************************************

## COMPLAINT

Plaintiffs, **KAYLER HANCOCK**, individually and on behalf of her minor children, **L.R.H.** (DOB: 2010) and **L.L.H.** (DOB: 2011), file this Complaint to request this Honorable Court to award them all relief to which they are entitled for the wrongful death of their beloved husband and father, 24-year-old Jerrel Bubba" Hancock. Bubba was taken from them prematurely in an explosion occurring on an oil and gas production platform in West Delta Block 105 in the Gulf of Mexico, off of the coast of Louisiana. In support of their claims, Plaintiffs submit the following allegations, which are based on the best of their knowledge, information, and belief:

-1-

## I.    Parties

1.

Plaintiffs, **KAYLER HANCOCK, L.R.H. AND L.L.H.,** are the wife and minor children of Bubba Hancock.  At the time of Bubba's untimely death, Plaintiffs and Bubba were domiciled in Vermillion Parish, State of Louisiana, and living in a single family dwelling.

2.

Made Defendants herein are:

a.    **FIELDWOOD ENERGY LLC,** a Delaware limited liability company, with its principal business office located at 2000 W. Sam Houston Parkway S, Suite 200, Houston, TX 77042, licensed to do and doing business in Louisiana and maintaining significant contract with the Western District of Louisiana;

b.    **FIELDWOOD ENERGY OFFSHORE LLC,** a Delaware limited liability company, with its principal business office located at 2000 W. Sam Houston Parkway S, Suite 200, Houston, TX 77042, licensed to do and doing business in Louisiana and maintaining significant contract with the Western District of Louisiana; and

c.    **ISLAND OPERATING COMPANY, INC.,** a Louisiana corporation licensed to do and doing business in Louisiana, domiciled at 8550

-2-

United Plaza Blvd., Baton Rouge, LA 70809, and maintaining
significant contacts within the Western District of Louisiana.

## II.   __Background__

3.

On November 20, 2014, Defendant, **FIELDWOOD ENERGY LLC,** and/or
Defendant, **FIELDWOOD ENERGY OFFSHORE LLC** (hereinafter collectively referred
to as **"FIELDWOOD"**), owned and operated a fixed oil and gas production platform located
in Block 105 of the West Delta area of the Gulf of Mexico and permanently affixed to the
seafloor on the Outer Continental Shelf, off the coast of Louisiana.  The West Delta 105 "E"
platform in question is more commonly referred to by Fieldwood as "Echo Platform".

4.

On November 20, 2014, Defendant, **ISLAND OPERATING COMPANY, INC.**
(hereinafter referred to as **"ISLAND OPERATING"**), a Fieldwood contractor, was
providing platform operating services on behalf of Fieldwood on Echo Platform.  Island
Operating's responsibilities included ensuring safety and compliance on Echo Platform.

5.

On November 20. 2014, a Fieldwood contractor, Turnkey Cleaning Services
(hereinafter referred to as "Turnkey"), was performing cleaning operation on Echo Platform.
The cleaning operations included the cleaning of part of Echo Platform know as a "Heater-

Treater."

6.

A "Heater-Treater" is a device used to break up wellstream oil-water emulsions, separating the crude oil from water and other foreign materials. It is a 'vessel" that uses heat to break the emulsions to allow the oil to be accepted by a pipeline or transport. "Heater-Treaters" often operate under pressure and are energized.

7.

Prior to opening a "Heater-Treater" for cleaning operations, it must be (a) cleared of solids, liquids, and gases which could react with the outside atmosphere, and (b) de-pressurized and or de-energized, in accordance with industry standards, recognized safe practices, and requirements of applicable statutes, regulations, and guideline.

8.

On November 20, 2014, Plaintiffs' husband and father, Bubba Hancock, was working for Turnkey and providing cleaning services on Echo Platform. The Turnkey cleaning crew, including Bubba, were advised by Defendants that Echo Platform's "Heater-Treater" had been properly cleared of solids, liquids, gases, de-pressurized, and de-energized, and that it was safe for entry and washing.

9.

At approximately 3:00 pm on November 20, 2014, and after being advised by Defendants that it was safe to enter the "Heater-Treater", Bubba and the Turnkey crew

-4-

opened and/or entered the "Heater-Treater" to begin performing the cleaning operations. Upon doing so, the "Heater-Treater" exploded.

10.

The explosion on Echo Platform killed Bubba, leaving Plaintiffs without their husband and father, and depriving Plaintiffs of Bubba's presence and involvement for the rest of their lives.

11.

The explosion injured several other people working on Echo Platform, including workers in Turnkey's cleaning crew who were working with Bubba.

12.

At all relevant times, Defendants had custody and/or control of Echo Platform and/or the "Heater-Treater."

## III.   Louisiana Law - Application and Claims

13.

The explosion which took Bubba's life occurred on Echo Platform, which is permanently affixed to the seafloor of the Outer Continental Shelf off of the coast of Louisiana.   Accordingly, Louisiana Law governs this matter pursuant to 43 U.S.C. 1333(a)(2)(A).

14.

Defendants are liable to Plaintiffs in accordance with Louisiana Civil Code articles 2315, 2316, 2317, and 2317.1, and any other provisions of law deemed applicable, because the substandard conduct of Defendants cause Bubba's death and the damages sought by Plaintiffs. Bubba's death was caused by Defendants' negligence, imprudence, and/or want of skill.

16.

Defendants, as the owner/operators of Echo Platform, owed the following non-delegable duties to the workers on Echo Platform, including Bubba:

a. To ensure that Echo Platform's "Heater-Treater" was cleared of solids, liquids, and gases which could react with the outside atmosphere prior to directing/allowing/authorizing workers to open and/or enter it;

b. To ensure that Echo Platform's "Heater-Treater" was de-pressurized and/or de-energized prior to directing/allowing/authorizing workers to open and/or enter it;

c. To ensure that Echo Platform's "Heater-Treater" was safe for opening and/or entry prior to directing/allowing/authorizing workers to open and/or enter it;

d. To ensure that Echo Platform and/or the "Heater-Treater" were free from conditions which could cause injury or death;

e. To ensure Echo Platform and the "Heater-Treater" were safe places to work;

and

f.     Any and all other duties applicable under the law and established at the time

of trial.

17.

Defendants breached and/or failed to comply with the duties they owed to the

workers on Echo Platform, including Bubba.

18.

Defendants' duties extend to , and are intended to protect, platform workers and

cleaners, like Bubba, from injury and death resulting from explosions and/or workplace

hazards.

19.

At all relevant times, Fieldwood, which was responsible for all of the work being

performed in the days leading up to, and through, the day of the explosion, was answerable

and/or vicariously liable for any damage caused by Island Operating and/or Turnkey.

20.

Defendants knew or, in the exercise of reasonable care, should have known of any

ruin, vice, and/or defect in Echo Platform and/or the "Heater-Treater" which caused Bubba's

death.  Defendants could have, through the exercise of reasonable care, prevented Bubba's

death to the extent is was caused by any ruin, vice, and/or defect in Echo Platform and/or the

"Heater-Treater," but Defendants failed to exercise said reasonable care.

21.

Plaintiffs invoke the doctrine of *res ipsa loquitor* to the extent ultimately deemed necessary.

## IV.   **Damages**

22.

Due to Defendants' negligence, gross-negligence, recklessness, and/or breach of legal duties, Plaintiffs suffered the following special and general damages:

a.   loss of future benefits, care, maintenance, support, services, advice, and counsel;

b.   loss of consortium, society, love, companionship, affection, service, support, and (with respect to Bubba's wife only) sexual relations;

c.   grief and anguish;

d.   burial and funeral expenses; and

e.   Any and all other damages appropriate under applicable law and established at the time of trial.

23.

Plaintiffs are entitled to recover damages for any and all pain and suffering and mental anguish suffered by Bubba prior to his death.

## V.    **Jurisdiction and Venue**

### 24.

This court has jurisdiction over the subject matter of this action pursuant to the Outer Continental Shelf Lands Act, 43 U.S.C. § 1331, *et seq*.   Additionally, this court has jurisdiction over the subject matter of this action under 28 U.S.C. § 1331, because it arises under the laws of the United States of America.

### 25.

Venue is proper in this Court pursuant to 28 U.S.C. § 1391.

## VI.    **Jury Demand**

### 26.

Plaintiffs demand a trial by jury.

## VII.    **Prayer for Relief**

### 27.

WHEREFORE, Plaintiffs, **KAYLER HANCOCK,** individually and on behalf of her minor children, **L.R.H.** and **L.L.H.,** pray that Defendants, **FIELDWOOD** and **ISLAND OPERATING**, each be served with this Complaint and be cited to answer, and that after due proceedings are had there be judgment herein in favor of Petitioners and against Defendants, jointly, severally, and in solido, in the full and true sum of an amount of damages, both

general and special, as is reasonable in the premises, plus all awardable legal interest thereon

from the appropriate date until paid, all costs of these proceedings, and all other just and

equitable relief to which they are entitled.


Respectfully Submitted,

DOMENGEAUX WRIGHT ROY EDWARDS & COLOMB

BY:    /s/  *THOMAS R. EDWARDS*
        JAMES PARKERSON ROY (11511)
        THOMAS R. EDWARDS (5296) (T.A.)
        ANDREW J. QUACKENBOS (31924)
        556 Jefferson Street, Suite 500
        Post Office Box 3668
        Lafayette, Louisiana 70502-3668
        Telephone: (337) 233-3033
        Facsimile: (337) 232-8213
        E-mail: jimr@wrightroy.com
        E-mail: tome@wrightroy.com
        E-mail: andrewq@wrightroy.com


**PLEASE SERVE:**

**FIELDWOOD ENERGY LLC**
**FIELDWOOD ENERGY OFFSHORE LLC**
2000 W. Sam Houston Parkway S, Suite 200
Houston, Texas 77042


**ISLAND OPERATING COMPANY, INC.**
8550 United Plaza Blvd.
Baton Rouge, Louisiana 70809